ROBSON & SON v. SANDERS BROTHERS.

1. A complaint alleging that defendant as agent of plaintiff had received certain goods for sale and refused to account therefor, states a cause of action.

2. Where an agent received fertilizers for sale under instructions to secure deferred payments by agricultural liens duly filed, which he neglected to do, the principal, instead of suing for this breach of agreement, may bring action simply for an accounting, in which case the burden is on defendant to account for all the fertilizers received by him for sale.

Before HUDSON, J., Sumter, February, 1885.

The opinion states the case.

*Messrs. Moises & Lee,* for appellants.

*Mr. Jos. H. Earle,* contra.

June 17, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. About the 1st of March, 1882, the defendants, appellants, became the agents of the plaintiffs, respondents, for the sale of "Robson's C. & C. Fertilizer," under instructions to sell at $37.50 per ton in cash, and $47.50, or 475 lbs. of middling cotton, per ton, including freight, to be paid on the first day of November, 1882, all deferred payments to be secured by agricultural liens on the crops of the purchasers for the year 1882, and duly filed in the proper office according to

law. Under this agency the defendants received one hundred and ten tons of said fertilizer, which it is alleged in the complaint they sold or otherwise disposed of, accounting for six tons sold for cash, for twenty-one and 5–8 tons sold for cotton, and delivering to the plaintiffs agricultural liens for twenty-four and one-fourth tons thereof, leaving fifty-eight and one-eighth tons unaccounted for. The action below was brought to recover the value of said 58 1–8 tons, which is alleged in the complaint to be worth $2,470.31, and for which the plaintiffs prayed judgment, the defendants having failed and refused to account therefor.

At the trial the defendants requested the presiding judge (his honor, Judge Hudson) to charge: "That if the jury believed that the defendants did not take or file liens in all cases, yet the plaintiffs can only recover such sum as may be shown to result in loss from the failure to take liens and record them, and this cannot be guessed at by the jury, but the plaintiffs must prove what damage resulted from such failure. The jury must have some proof that the taking and recording liens would have saved the plaintiffs from loss." His honor declined to charge as requested, and instead thereof charged as follows: "That if the jury concluded that the defendants were agents, with authority to sell on credit only in cases where they should secure payment by note and lien duly recorded, and that they failed to take liens of purchasers and record the same; and if they further find that the plaintiffs have lost a certain number of tons in hands of the defendants, for which the defendants have not accounted, then the burden of proof is cast upon the defendants to show what has become of the unaccounted guano, and that the same has not been lost through their neglect or fault; in other words, they must show that they have not been at fault, but have complied with the terms of the agency," &c.

The appeal involves the correctness of the rulings of the judge, both as to the charge, and his refusal to charge defendants' request, and also his refusal to sustain an oral demurrer of the defendants, "that the facts stated in the complaint were not sufficient to constitute a cause of action;" and further, that his honor refused to grant a new trial.

As to the demurrer. Although the refusal to sustain it is

made a ground of exception, yet this exception has not been pressed or urged in the argument, and we suppose that it was abandoned by the appellants. Be this, however, as it may, we have considered the exception, and find nothing in it. If the allegations of the complaint be true, they certainly constitute a cause of action. An agency is alleged, and the receipt by the agents of a certain number of tons of "Robson's C. & C. Fertilizer," for a portion of which it is alleged that said agents have failed and refuse to account. What more was necessary to constitute a cause of action, we cannot see.

The main point, however, upon which the appellants rely, is the fact that his honor declined to charge, that it was necessary for the plaintiffs to prove damage resulting from the failure of the defendants to take and record agricultural liens in the sales of the unaccounted guano, and that the taking and recording said liens would have saved the plaintiffs from loss. It seems to us that the defendants, in raising this exception, have misconceived the gist and scope of plaintiffs' action. They seem to regard it as simply an action for the breach of an agreement on the part of the defendants to take and have recorded agricultural liens in such sales as they might make on a credit. If this was the cause of plaintiffs' action, and nothing more, then defendants' position would doubtless be correct. Because then it would have been incumbent upon the plaintiffs to prove the agreement, its breach, and that damage had resulted from said breach, as appears from the authorities cited and relied on by the appellants.

But plaintiffs' action was not founded upon, nor limited to, an agreement of the kind suggested. It is true that it was a part of the instructions under which the appellants undertook the agency, that all deferred payments were to be secured by agricultural liens on the crops of the purchasers for the year 1882, and duly filed in the proper office according to law, and a failure to observe this instruction, resulting in damage to the plaintiffs, would have been actionable; but the plaintiffs do not complain of such failure as the cause of action. They allege that defendants received one hundred and ten tons of their fertilizer, to be sold under the instructions mentioned; that all of said fertilizer had been properly accounted for except 58 1–8 tons, which had

not been accounted for, and which the defendants had refused to account for, the same being reasonably worth $2,470.31.

The Circuit Judge, instead of confining the case to the question whether the loss to the plaintiffs had resulted from the failure on the part of the defendants to take and record agricultural liens, with the burden of proof on the plaintiffs, instructed the jury, "that if they found that the plaintiffs had lost a certain number of tons in the hands of the defendants, for which the defendants had not accounted, then the burden was cast upon the defendants to show what had become of the unaccounted for guano, and that the same had not been lost through their neglect or fault; in other words, they should show that they had not been at fault, but had complied with the terms of the agency." Regarding the action as an action for the value of the unacounted for guano, which the plaintiffs alleged had been lost in the hands of the defendants, there was no error in the charge of the judge.

The judgment of the Circuit Court is therefore affirmed.